UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHAN B. GOLDSON &
SUZETTE HOLNESS, individually
and as Personal Representatives for
the Estate of Davie Goldson,

      Plaintiffs,

v.      Case No. 8:17-cv-848-T-24 TGW

KB HOME and KB HOME
TAMPA, LLC,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Rule 60(b) Relief and Motion for Second Remand. (Doc. No. 13). Defendants oppose this motion. (Doc. No. 14). As explained below, the Court construes Plaintiffs' motion as a motion to extend the deadline for filing the second amended complaint and for remand. As such, the Court grants the motion.

**I. Background**

Plaintiffs bought a house from Defendants and took possession of it on or about June 23, 2006 along with their daughter, Davie. Defendants were responsible for constructing the house and making it waterproof and liveable. However, according to Plaintiffs, Defendants negligently constructed the house and failed to prevent water from penetrating and otherwise leaking into the house. Eventually, the house had extensive mold infestation and was rendered unliveable. As a result of the mold and her immunosuppressed system due to prior cancer treatment, Davie suffered substantial medical problems and died on June 9, 2015.

On June 23, 2016, Plaintiffs filed suit against Defendant KB Home Tampa, LLC in state

court. On January 13, 2017, Plaintiffs served Defendant KB Home Tampa, LLC. (Doc. No. 1-1). Plaintiffs amended their complaint to add Defendant KB Home, and on February 10, 2017, Defendants first removed this case to this Court, and the case number assigned was 8:17-cv-340-T-24 AEP. Removal was based on diversity subject matter jurisdiction. Defendants filed a motion to dismiss, and after the Court's ruling, two claims remained: breach of contract (Count I) and wrongful death (Count IV). (Doc. No. 9).

Thereafter, Plaintiffs moved to amend the complaint again to add the contractor, a non-diverse defendant, and this Court granted that motion on March 28, 2017 and remanded the case. (Doc. No. 11). In the remand order, this Court stated that Plaintiffs were directed to file a second amended complaint in state court by Friday, April 7, 2017. (Doc. No. 11). Plaintiffs did not timely file the authorized second amended complaint. On Tuesday April 11, 2017, Defendants again removed the case to this Court, which was assigned the instant case number. Thereafter, Plaintiffs filed the instant motion.

## II. Motion for Rule 60(b) Relief and for Remand

In the instant motion, Plaintiffs acknowledge that they failed to timely file the second amended complaint, but they allege that it was a result of excusable neglect due to Plaintiffs' counsel's new assistant-in-training failing to calendar the due date. As such, Plaintiffs seek relief under Federal Rule of Civil Procedure 60(b), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The Court, however, construes this motion as a motion to extend the deadline for filing the second amended complaint, which Plaintiffs attempted to file in state court on April 12, 2017 (the day after this

2

case was removed).

The Court finds that the short period of delay resulted from excusable neglect, and as such, extending the period for filing the second amended complaint is warranted. As previously noted in this Court's March 28, 2017 order, Plaintiffs are attempting to obtain discovery regarding the identity of the other subcontractors that were involved in the construction defects at issue. Once Plaintiffs obtain that information, Plaintiffs intend to file another motion to amend to add those subcontractors, who are likely Florida residents. As a result, diversity will likely be destroyed once Plaintiffs discover all of the people involved in the construction defects at issue.

Defendants argue that an October 18, 2013 letter from Plaintiffs' counsel shows that they never intended to pursue claims against any other parties. That letter provides the following:

> I understand that the materials at fault may have been purchased from other suppliers by your company. However, the law is clear that you are the final end seller of the home to my clients. Therefore, KB Homes is responsible.

(Doc. No. 14-1). The Court is not persuaded by Defendants' interpretation of the letter. The Court reads the letter as stating that even if other suppliers are also at fault, Defendants can be held fully responsible because they sold the house to Plaintiffs.

This is a wrongful death case, and Plaintiffs are attempting to join all of the parties that may be responsible for the construction defects at issue. The Court concludes that excusable neglect caused the delay in filing the second amended complaint, and the Court hereby extends the deadline for filing it. The Court will direct the Clerk to file the second amended complaint attached to Plaintiffs' motion. As such, diversity is destroyed, and the Court grants Plaintiffs' motion to remand this case back to state court.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Rule 60(b) Relief and Motion for Second Remand (Doc. No. 13) is **GRANTED**.

(2) The Clerk is directed to file the proposed second amended complaint, which is attached at Doc. No. 13-2.

(3) The Clerk is directed to remand this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of May, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4